UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

    v.                                                      Case No.:   3:21cr59/MCR

**NICHOLAS ALLEN WALKER.**
                                        /

## ORDER

Defendant Nicholas Allen Walker pled guilty to one count of receiving child pornography and one count of distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Walker's Presentence Investigation Report applies the enhanced 15-year mandatory minimum sentence under § 2252A(b)(1) based on Walker's prior conviction for traveling to meet a minor for unlawful sexual activity in Florida. Walker objects and argues that his prior conviction is not a qualifying predicate for the enhanced mandatory minimum here because the Florida statute under which he was previously convicted, Fla. Stat. § 847.0135(4)(b), does not categorically "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" as required by § 2252A(b)(1). *See* ECF No. 47. For the following reasons, Walker's objection is sustained.

A conviction for receiving and/or distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2) generally carries a sentence of "not less than 5 years and not more than 20 years[']" imprisonment. *See id*., § 2252A(b)(1). However, the

statute requires a sentence of "not less than 15 years nor more than 40 years" where the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See id*. In this context, the term "'sexual abuse' means misuse or maltreatment for the purpose of libidinal gratification, . . . and 'abusive sexual conduct involving a minor or ward' means behaving in a way that harms a minor for the purpose of one's libidinal gratification." *United States v. Johnson*, 681 F. App'x 735, 740 (11th Cir. 2017).

To determine whether a prior conviction triggers the § 2252A(b)(1) enhancement, sentencing courts employ a categorical approach, looking only to the statutory elements of the offense, without inquiring into the defendant's specific conduct in committing it. *See United States v. Kushmaul*, 984 F.3d 1359, 1364 (11th Cir. 2021); *United States v. Dullea*, 296 F. App'x 733, 734 (11th Cir. 2008) (stating that under the categorical approach, courts "look no further than the fact of conviction and the statutory definition of the prior offense"). More specifically, courts "compare the elements of the statute [of conviction] to the generic offenses mentioned in the federal sentencing enhancement statute." *Id*. When applying this approach, "courts must presume that the prior conviction 'rested upon nothing more than the least of the acts criminalized' or the 'least culpable conduct'" in the statute and determine whether, in all instances, those acts "relat[e] to" the generic offenses

of "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See id*.; *see also Descamps v. United States*, 570 U.S. 254, 257 (2013) ("[A] prior conviction qualifies as a [federal sentencing enhancement] predicate only if [its statutory] elements are the same as, or narrower than, the generic offense."). If not—that is, if the statute criminalizes a broader swath of conduct than is covered by § 2252A(b)(1)'s definitions of "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward"—then the offense cannot categorically qualify for the § 2252A(b)(1) sentencing enhancement, even if the particular facts underlying the defendant's own conviction might satisfy the definition.

Walker's prior conviction was under Fla. Stat. § 847.0135(4)(b), the elements of which are: (1) knowingly traveling within, to, or from Florida; (2) "for the purpose of engaging in any illegal act" in violation of chapters 794, 800, or 827 of the Florida Statutes, or to "otherwise engage in other unlawful sexual conduct with a child" or a person believed by the defendant to be a child; (4) after using a computer or electronic device to "solicit, lure, or entice" (or attempt to do so) the child or person believed to be a child to engage in "any" aforementioned illegal act or other unlawful sexual conduct. *See also Holt v. State*, 173 So. 3d 1079, 1081-82 (Fla. 5th DCA 2015); *Hartley v. State*, 129 So. 3d 486, 491 (Fla. 4th DCA 2014). To date, the Eleventh Circuit has not addressed whether a conviction under Fla. Stat.

§ 847.0135(4)(b) constitutes a predicate for the 18 U.S.C. § 2252A(b)(1) sentencing enhancement or any other similarly-worded statute. Thus, the Court must apply the categorical approach and determine whether the least of the acts criminalized by Fla. Stat. § 847.0135(4)(b) necessarily "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *See Kushmaul*, 984 F.3d at 1364.

The parties' dispute turns on a fairly narrow question; however, it is helpful to begin by clarifying what is not in dispute. There is no dispute that Fla. Stat. § 847.0135(4)(b) criminalizes a wide range of conduct, including traveling to meet a minor "for the purpose of engaging in any illegal act described in . . . chapter 827" (after using a computer to solicit the minor to participate in the act, of course). *See* Gov't Brief, ECF No. 50 at 4-5. There also is no dispute that chapter 827 describes a number of illegal acts, some relating to sexual abuse or conduct—for example, sexual performance by a child, Fla. Stat. § 827.071—and some that do not necessarily involve sex, such as contributing to the delinquency or dependency of a minor, Fla. Stat. § 827.04, and abuse, aggravated abuse, and neglect of a child, Fla. Stat. § 827.03. *See* Gov't Brief, ECF No. 50 at 5. Here is where the parties' positions diverge. Walker argues that his statute of conviction, Fla. Stat. § 847.0135(4)(b), criminalizes *all* of the illegal acts described in chapter 827, including the nonsexual ones, which means the statute is *not* categorically an offense relating to the sexual

abuse of a minor.  The Government counters that only one chapter 827 crime—namely, sexual performance by a child—violates Fla. Stat. § 847.0135(4)(b), meaning the nonsexual offenses described in chapter 827, in essence, do not count. The Court agrees with Walker.

The Court's reasoning is based on the dictate of the controlling standard—the categorical approach—to assess whether a prior conviction qualifies as a § 2252A(b)(1) predicate *solely* in terms of the elements of the statute under which the defendant was convicted.  *See Mathis v. United States*, 579 U.S. 500, 504 (2016) (internal quotations omitted).  "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Id*.  Here, the constituent parts of Fla. Stat. § 847.0135(4)(b) plainly and unambiguously include "*any* illegal act described in . . . chapter 827" as a factual means of committing the offense.[1] *See id*. (emphasis added).  The use of the word "any" here is dispositive.  "Any" has an expansive meaning in statutory construction, and absent explicit statutory language limiting its breadth, the word "sweep[s] in all of the noun category that follows."  *United States v. Gonzales*, 520 U.S. 1, 5 (1997); *Price v. Time, Inc.*, 416 F.3d 1327, 1336 (11th Cir. 2005); *see also Carlson v. State*, 227 So.

---

[1] The Court uses the term "means" here because neither side has argued that Fla. Stat. § 847.0135(4)(b) is a divisible statute listing multiple alternative elements of functionally separate crimes, allowing for use of the modified categorical approach, as opposed to enumerating various factual means of committing the same element of a single crime.  *See Mathis v. United States*, 579 U.S. 500, 506 (2016).

3d 1261, 1268 (1st DCA 2017) ("[G]enerally 'any' means 'all'.") (quoting *Gonzales*, 520 U.S. at 5); *Dows v. Nike, Inc.*, 846 So. 2d 595, 601 (4th DCA 2003) ("The definition of 'any' . . . means 'one or another without restriction or exception;' often synonymous with 'either,' 'every' or 'all.'"). Applying these authorities here, Fla. Stat. § 847.0135(4)(b)'s use of the phrase "any illegal act described in . . . chapter 827" sweeps in *all* illegal acts in chapter 827. And because chapter 827 describes both sexual and nonsexual illegal acts, it criminalizes a broader swath of conduct than is covered by the definitions of "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor" in 18 U.S.C. § 2252A(b)(1). Consequently, Fla. Stat. § 847.0135(4)(b) cannot serve as a predicate for an enhanced 15-year mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1).

The Government essentially ignores the plain text of Fla. Stat. § 847.0135(4)(b) and argues that its reading of the statute—that is, the statute applies only to some (but not all) of the acts described in chapter 827—is "suggest[ed]" by the statutory language that criminalizes traveling to meet a minor not only "for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827" but also "to *otherwise* engage in other unlawful sexual conduct with a child." *See* Gov't Brief, ECF No. 52 at 4 (emphasis added). Based on *Begay v. United States*, 553 U.S. 137, 144 (2008), *abrogated on other grounds by Johnson v. United States*, 576 U.S. 591 (2015), the Government asserts the phrase "otherwise

engage in other unlawful sexual conduct" should be read as limiting the scope of the chapter 794, 800, and 827 offenses that violate Fla. Stat. § 847.0135(4)(b) to offenses that similarly involve sexual conduct. But this reading is not compelled by *Begay*. In *Begay*, the Supreme Court held that the "otherwise" clause of the "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii), includes only crimes similar to the enumerated crimes—burglary, arson, extortion, and crimes involving explosives—"rather than every crime that 'presents a serious potential risk of physical injury to another.'"[2] *Begay*, 553 U.S. at 142. In other words, the enumerated crimes clause limited the scope of the "otherwise" clause, not the other way around. *See id*. In Walker's case, the enumerated crimes clause ("any illegal act described in chapter 794, chapter 800, or chapter 827") in Fla. Stat. § 847.0135(4)(b) is *broader* than the "otherwise" clause. And the plain text of the "otherwise" clause expressly limits itself only to unlawful sexual conduct with a child. The Government has not cited, and the Court has not found, any authority establishing that a self-limiting "otherwise" clause should be viewed as a limit on enumerated crimes that precede it in a statute.

---

[2] In relevant part, 18 U.S.C. § 924(e)(2)(B)(ii) defines "violent felony" to include any crime punishable by more than 1 year of imprisonment that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" The Supreme Court in *Begay* held that New Mexico's driving under the influence crime was not a violent felony under the "otherwise" clause because, despite the serious potential risks of physical injury posed by the underlying conduct, the offense was materially distinguishable from the enumerated crimes in that it need not involve intentional or purposeful conduct. *See Begay*, 553 U.S. 137, 145-46 (2008).

Continuing to avoid the plain language, the Government points to other factors that "suggest" Walker's statute of conviction, Fla. Stat. § 847.0135(4)(b), does not apply to the nonsexual offenses described in chapter 827 of the Florida Statutes.  For example, the statute makes it unlawful for a child's parent or legal guardian to consent to the child's participation "in any act described in chapter 794, chapter 800, or chapter 827."  The Government argues, without citation to authority, that a child cannot participate in chapter 827's nonsexual offenses (again, "abuse, aggravated abuse, and neglect of a child" and "contributing to the delinquency or dependency of a minor") whereas participation of a child is required for the sexual offenses (*e.g.*, sexual performance by a child).  But this argument is not supported by Florida law.  "Nothing in [Florida's sexual performance by a child] statute requires a child victim's active participation in sexual conduct." *Allen v. State*, 301 So. 3d 1072, 1079 (Fla. 1st DCA 2020) (affirming convictions for sexual performance by a child based solely on photographs of a defendant performing sexual conduct on a sleeping child victim).  This is consistent with the broad purpose of Florida's criminal child protection statutes, which are aimed at protecting children from physical and mental abuse or neglect (Fla. Stat. § 827.03), sexual exploitation (§ 827.071), and/or delinquency or dependency (§ 827.04).  *All* offenses against children, whether sexual or nonsexual, involve the "participation of a child" in the sense that a child is victimized in some way.

Yet again dodging the plain text of Fla. Stat. § 847.0135(4)(b), the Government last argues that a conviction under the statute requires sex offender registration, which "indicates" that the statute only includes the sexual offenses in chapters 794, 800, and 827 within its scope. The problem with this argument is that application of the categorical approach is confined to "nothing more than the fact of [Walker's conviction for traveling to meet a minor] and the text of the statute at issue," Fla. Stat. § 847.0135. *See United States v. Peebles*, No. 21-14182, 2022 WL 4127456, at *1 (11th Cir. 2022) (citing *Kushmaul*, 984 F.3d at 1364). Here, the plain text of Walker's statute of conviction does not include or incorporate by reference the sex offender registration requirement, which is set forth in a wholly separate chapter of the Florida Statutes, Fla. Stat. § 943.0435, and there is no ambiguity in the statutory language defining the elements of Walker's offense that would necessitate or permit resort to alternative sources of meaning. Thus, the sex offender registration statute does not inform the Court's assessment of the *elements* of Walker's offense of conviction for purposes of a sentencing enhancement in this case.

The Court understands the temptation to apply the categorical approach more generally than the Supreme Court has authorized, particularly in cases like this one, where the sexually exploitative nature of a defendant's actual offense conduct can be identified with sufficient reliability and doing so makes sense from a policy

standpoint. However, that is not the approach Congress took when it stated that the § 2252A(b)(1) enhancement applies only to defendants previously convicted under certain statutes. *See* 18 U.S.C. § 2252A(b)(1). Nor would it be consistent with the Supreme Court and Eleventh Circuit's instructions as to the analytical boundaries of the categorical approach. *See Mathis*, 579 U.S. at 504; *Kushmaul*, 984 F.3d at 1364. This Court is bound by those authorities. Accordingly, the Court finds that Walker's prior conviction under Fla. Stat. § 847.0135(4)(b) is not an offense categorically relating to the sexual abuse of a minor because it extends to nonsexual crimes, such as contributing to the delinquency or dependency of a minor and abuse or neglect of a child, and the statute itself does not say otherwise. Accordingly, the enhanced mandatory minimum in 18 U.S.C. § 2252A(b)(1) does not apply and Walker's objection, ECF No. 47, is **SUSTAINED**.

    **SO ORDERED**, on this 27th day of February, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**