UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                Case Nos.:  3:21cr059/MCR

**NICHOLAS ALLEN WALKER.**
                                                            /

## **ORDER**

This matter is before the Court on Defendant Nicholas Allen Walker's motion for reconsideration of the restitution order, ECF No. 73, and amended judgment, ECF No. 74, entered in his case on November 14 and 15, 2023, respectively. *See* ECF No. 78.  On consideration, the motion is granted in part and denied in part.[1]

Briefly, Walker was convicted of two child exploitation offenses—one count of receiving child pornography and one count of distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). On September 18, 2023, Walker was sentenced to concurrent terms of 240 months on each count, to be followed by a lifetime of supervised release. *See* Am. J., ECF No. 74. At sentencing, the Court deferred ruling on restitution to allow the parties an opportunity to try to reach

---

[1] On December 18, 2023, a second Amended Judgment was entered reflecting the Court's decision on the restitution amounts disputed in Walker's motion. *See* ECF No. 84. This Order memorializes the Court's reasoning for that decision.

agreement on the amount to be paid to four victims.[2] More specifically, three of the four victims ("Violet," "Sarah," and "Lily") sought $4,000 each in restitution, and the fourth victim ("Maria") sought $5,000.[3] Walker objected, arguing there was no basis to impose more than the statutory mandatory minimum of $3,000 for each victim. *See* 18 U.S.C. § 2259(b)(2)(B). The Court instructed the parties to confer and file a stipulation reflecting any agreement reached, directed Walker to file a written objection as to any restitution request that remained unresolved after they conferred, and advised that an amended judgment would be entered awarding restitution in the amounts requested by the Government in the absence of a written objection from Walker. *See* Sentencing Hr'g Tr., ECF No. 76 at 21-23. Approximately one month later, the Government filed a Notice advising that no agreement could be reached regarding the four victims' restitution amounts and that Walker maintained his position that restitution should be limited to $3,000 per victim. *See* Gov't Notice Regarding Matters of Restitution, ECF No. 72. The Government's Notice also requested restitution for each victim as follows: (a) an amount between $3,000 and $4,000 for "Violet," "Sarah," and "Lily"; and (b) an

---

[2] A total of 13 victims sought restitution. Nine of the victims agreed to the statutory mandatory minimum restitution amount of $3,000, whereas four victims did not. *See* Gov't Notice Regarding Matters of Restitution, ECF No. 72; *see also* 18 U.S.C. § 2259(b)(2)(B).

[3] Originally, Violet," "Sarah," and "Lily" each sought $10,000; however, after discussions with Walker's counsel, those three victims each decreased the amount requested to $4,000. *See* Gov't Notice, ECF No. 72 at 2. "Maria" has never varied from her request for $5,000. *Id*.

amount between $3,000 and $5,000 for "Maria." *See id*. at 2-3.  Walker never filed a written objection.  Therefore, consistent with the Court's admonition at the sentencing hearing, a restitution order and amended judgment were entered awarding restitution in the amount of $4,000 to "Violet," "Sarah," and "Lily," and in the amount of $5,000 to "Maria."[4]  *See* Am. J., ECF No. 74 at 7.  Thereafter, Walker filed the instant motion for reconsideration of the restitution order arguing that the Government's evidentiary submissions did not adequately substantiate an award above the statutory mandatory minimum for the four victims and that Walker's "economic circumstances, offender characteristics, and 20 year prison sentence" militate in favor of lesser amounts.  *See* ECF No. 78 at 4-5.

By statute, restitution is mandatory in child pornography cases.  *See* 18 U.S.C. § 2259.  The restitution award must equal "an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000."  *See id*. at § 2259(b)(2)(B).  Factors to consider in determining "the relative causal significance of the defendant's conduct in producing those losses" include

> the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant

---

[4] The remaining nine victims were each awarded the agreed restitution amount of $3,000.

reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Paroline v. United States*, 572 U.S. 434, 460 (2014). The government bears the burden of proving the restitution amount by a preponderance of the evidence, and it must do so "with evidence bearing sufficient indicia of reliability to support its probable accuracy." *United States v. Rothenberg*, 923 F.3d 1309, 1337 (11th Cir. 2019). Nevertheless, because "the determination of the restitution amount is by nature an inexact science," a district court "may accept a reasonable estimate of the loss based on the evidence presented." *Id*.

In this case, sufficient evidence supports a restitution award of $4,000 for "Violet," "Sarah," and "Lily." Briefly, these three victims have demonstrably incurred substantial economic losses from the trafficking of images of their sexual abuse, including the costs of psychological counseling and medical care, as well as lost income and educational/vocational disruptions.[5] The Government presented no evidence from which the Court can reliably estimate the broader number of offenders involved in trafficking these victims' images; however, restitution orders have been entered for these three victims in hundreds of federal cases, but each has recovered

---

[5] "Violet suffers a range of $758,343.41 to $803,968.41 in losses." *See* ECF No. 72-1 at 8. The full amount of Sarah's general losses totals $2,758,335.28. *See* ECF No. 72-2 at 3. "The full amount of Lily's economic losses…total[s] $6,008,536.29." *See* ECF No. 72-5 at 2.

very little in actual payments. While Walker had no connection to the initial production of the victims' images, he did possess multiple pornographic images and/or video files involving each. "Sarah" and "Lily" are aware that offenders, like Walker, are trading images of their sexual abuse online, while "Violet" knows that images were made but, due to her age, does not yet know about the distribution. As detailed in the forensic evaluations provided for each, and personal letters written by two of them, this knowledge has caused considerable psychological trauma to all three victims, which requires continuing and costly medical and mental health treatment.[6] Walker's offense conduct did not trigger the "causal process" underlying those costs, but it did demonstrably contribute to it, and that contribution is properly reflected in restitution awards of $4,000 for these victims, which amounts to less than half a percent of each victim's economic losses. *See Paroline*, 572 U.S. at 458-59. The fact that nine other victims of Walker's offenses were willing to forego an offer of proof and accept the statutory mandatory minimum restitution payment does not compel a finding that no greater award is warranted for those with substantiated economic losses.

"Maria" is different. The Government did not produce any proof of specific losses sustained by "Maria" and the most recent communication from her personal

---

[6] *See, e.g.*, ECF No. 72-1 at 15-33 ("Violet"); ECF No. 72-2 at 14-48 ("Sarah"); ECF No. 72-5 at 14-44 ("Lily").

Case No. 3:21cr059/MCR

counsel explained that they were still "in the process of compiling her restitution documentation and obtaining a [forensic] evaluation." *See* ECF No. 72-3 at 1. While "Maria's" personal counsel provided a declaration predicting potential losses based on her experience representing other child exploitation survivors, *see* ECF No. 72-3 at 3-6, her projections are inherently speculative—somewhat informed speculation, to be sure, but nonetheless lacking a sufficiently specific basis to reliably support a restitution award above the mandatory minimum of $3,000.

One final observation. Both the Government and the four victims' personal counsel argued that Walker's status as a repeat sex offender justified an increased restitution award. However, neither of them cited any authority for this proposition, and neither *Paroline* nor its progeny include this as a factor bearing on a defendant's "relative causal role" in a particular child pornography victim's losses. *See, e.g.*, *Paroline*, 572 U.S. at 460; *Rothenberg*, 923 F.3d 1309. Moreover, the policy implications of their argument are problematic as it would move restitution from a remedial means of compensating victims for established losses to a more punitive and/or retributive device, based on prior convictions that: (1) do not increase a defendant's relative role in causing the victim's economic losses; and (2) as here, are already accounted for in a defendant's Guidelines' calculation and ultimate sentence of imprisonment.

Accordingly, and based on the foregoing, as well as all the evidence submitted in connection with the restitution requests in this case:

1. Walker's Motion for Reconsideration of Restitution Order, ECF No. 78, is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. The motion is **GRANTED** with respect to the restitution award for "Maria," which is reduced from $5,000 to the statutory mandatory minimum of $3,000.

    b. The motion is **DENIED** with respect to the restitution awards for "Violet," "Sarah," and "Lily," whose awards will each remain at $4,000.

2. An Amended Judgment reflecting the reduced award for Maria was entered on December 18, 2023.  *See* ECF No. 84.

**SO ORDERED**, on this 20th day of December, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**